## Case No. 15,107.

### UNITED STATES v. FITZGERALD.

[4 Cranch, C. C. 203.] [1]

Circuit Court, District of Columbia. May Term, 1832.

PURSER IN NAVY—DUTIES—DISBURSEMENTS — EXTRA COMPENSATION.

1. The duties of a purser in the navy, stationed at a navy-yard, are not defined by law, and are to be ascertained by the jury.

2. It is competent for the court to admit evidence of equitable claims by the defendant against the United States, which have been rejected by the accounting officers of the treasury.

3. A purser who disburses money for the United States, which it is not his duty, as purser, to disburse, is, in equity, entitled to a reasonable compensation therefor.

4. The pursers are bound by the regulations made by the commissioners of the navy in 1817, with the consent of the secretary of the navy, and approved by the president of the United States, and are thereby bound to make the disbursements required, without other compensation than their regular pay as purser, unless when the disbursements were made, there was an agreement or understanding between them and the secretary of the navy, or other officer competent to make such an agreement, that they should receive compensation therefor, other than their regular and fixed pay as purser.

This was a suit, docketed by consent, to recover from the defendant [Edward Fitzgerald] a balance of $5,035.68, stated by the accounting officers of the treasury department to be due from him, as a purser in the navy, to the United States.

That balance accrued by the rejection of the following items of debit claimed by him, viz.:

| | |
|---|---:|
| Clerk hire for the year 1828 | $ 600 00 |
| " for 1st quarter 1829 | 150 00 |
| Travelling expenses to Washington in 1828 | 68 70 |
| Travelling expenses to Washington in 1829 | 68 70 |
| Commission for paying mechanics in dry dock in 1828, at one per cent. | 447 41 |
| Commission for paying mechanics in dry dock 1st quarter in 1829 | 174 16 |
| Commission for paying mechanics in dry dock to 30th September, 1830 | 1,279 51 |
| Clerk hire from May, 1826, to 30th September, 1830 | 1,325 00 |
| Commission for paying mechanics in navy-yard | 900 00 |
| Overcharge for travelling expenses in 1831 | 22 20 |
| | $5,035 68 |

Mr. Swann, Dist. Atty., for the United States, after the evidence was closed, prayed the court to instruct the jury that there was no law which authorized the defendant to make these charges against the United States.

Mr. R. S. Coxe, contra. These are equitable claims against the United States, which he has a right to set off, according to the case of U. S. v. Wilkins, 6 Wheat. [19 U. S.] 143. The duty of paying laborers, &c., was assigned to him in 1817, and until 1829 he was allowed by the department a commission of one per cent.

Mr. Coxe then prayed the court to instruct the jury, in substance, that if they should be satisfied by the evidence that the disbursement of this money was not a part of his duty as purser, and he was requested by the United States to disburse it, he is entitled to so much money for that service as he deserved to have therefor.

THE COURT (THRUSTON, Circuit Judge, contra) refused Mr. Swann's prayer, because it was not predicated upon any fact to be found by the jury; and because the court could not, as a matter of law, say what the duties of a purser were, or whether this disbursement was part of the defendant's duty as purser, independent of all facts to be found by a jury; as there is no statute defining the duties of a purser stationed at a navy yard.

THE COURT (THRUSTON, Circuit Judge, contra) gave the instruction prayed by Mr. Coxe.

Mr. Swann, having given in evidence the rules and regulations made by the commissioners of the navy, with the consent of the secretary of the navy, and approved by the president of the United States in 1817, prayed the court to instruct the jury that they were binding upon the defendant as a purser, and

---

1 [Reported by Hon. William Cranch, Chief Judge.]

that he was thereby bound to make the disbursement without any commission or other compensation than his regular pay as purser; which the court (THRUSTON, Circuit Judge, contra) refused, unless accompanied by the following qualification, namely, "unless the jury should be satisfied by the evidence, that when the disbursements were made, there was an agreement or understanding between the defendant and the secretary of the navy, or other officer competent to make such agreement, that he should receive a commission or other compensation for such disbursements beyond his fixed and regular pay as purser."

With that qualification, the court gave the last instruction prayed by Mr. Swann.

Verdict for the defendant. Mr. Swann took a bill of exceptions, which is not now with the papers of the case.

No writ of error has been issued.